UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RANDY ROSEN, *as Administrator of the Estate of Rita Rosen (Deceased)* :<br><br>Plaintiff, :<br><br>v. :<br><br>MONTEFIORE, et al., :<br><br>Defendants. : | CASE NO. 1:21-cv-02104<br>1:21-cv-02142<br><br>OPINION & ORDER<br>[Resolving Docs. 10, 11] |
| RUBY CONNER, *as Administrator of the Estate of Frank S. Conner (Deceased)* :<br><br>Plaintiff, :<br><br>v. :<br><br>MONTEFIORE, et al., :<br><br>Defendants. : | CASE NO. 1:21-cv-02108<br><br>OPINION & ORDER<br>[Resolving Doc. 20] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this motion, the Court must decide whether federal question or federal officer-based jurisdiction exists over Plaintiffs' claims.

Plaintiffs bring wrongful death and survivorship claims under Ohio law against a nursing home and its employees.[1] Plaintiffs' say that Defendants negligently, recklessly, and willfully did not protect nursing home residents against the spread of Covid-19.

Plaintiffs filed suit in the Cuyahoga County Court of Common Pleas.[2] Defendants

---

[1] Doc. 1-2 (Case No. 1:21-cv-02104); Doc. 1-2 (Case No. 1:21-cv-02108).
[2] *Id.*

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

removed to federal court based on federal question jurisdiction and federal officer removal.[3]

Plaintiffs now move to remand the cases to state court.[4] Extensive briefing followed.[5]

For the following reasons, this Court **GRANTS** Plaintiffs' motions to remand and **DENIES** Plaintiff Conner's request for attorney's fees and expenses.

I.   Background

Plaintiff Randy Rosen ("Plaintiff Rosen") administers the Estate of Rita Rosen.[6] Plaintiff Ruby Conner ("Plaintiff Conner") administers the Estate of Frank S. Conner.[7] Rita Rosen and Frank S. Conner died after contracting Covid-19 at the Montefiore nursing home.

Plaintiffs Rosen and Conner sued the nursing home and associated legal entities (collectively, "the Facility Defendants"), and nursing home employees (Ariel Hyman, Tina King, and Marie Gelle) for damages in state court. With their complaints, Plaintiffs Rosen and Conner say Defendants failed to properly implement and follow critical prevention and testing protocols and that these failures led to a deadly Covid-19 outbreak at the nursing home.

Defendants removed the cases to federal court under 28 U.S.C. § 1441(a) primarily on the basis that Plaintiffs' assert claims "arising under" and governed by federal law.[8] In support of their removals, Defendants say the PREP Act completely preempts Plaintiffs' claims.[9] Defendants request this case be transferred to the District Court for the District of

---

[3] Docs. 1, 13 at 19–20 (Case No. 1:21-cv-02104); Docs. 1, 22 at 19–20 (Case No. 1:21-cv-02108); 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1), 1446.
[4] Doc. 11 (Case No. 1:21-cv-02104); Doc. 20 (Case No. 1:21-cv-02108); 28 U.S.C. § 1447(c). Plaintiff Conner also seeks attorney's fees and expenses.
[5] Defendants oppose remand. Docs. 13, 14, 15 (Case No. 1:21-cv-02104); Docs. 22, 23, 24 (Case No. 1:21-cv-02108). Plaintiffs reply in support of remand. Doc. 16 (Case No. 1:21-cv-02104); Doc. 27 (Case No. 1:21-cv-02108). Defendants moved to file a sur-reply. Doc. 17, 17-1 (Case No. 1:21-cv-02104); Doc. 28, 28-1 (Case No. 1:21-cv-02108).
[6] Doc. 1-2 (Case No. 1:21-cv-02104).
[7] Doc. 1-2 (Case No. 1:21-cv-02108).
[8] Doc. 1 (Case No. 1:21-cv-02104); Doc. 1 (Case No. 1:21-cv-02108); 28 U.S.C. § 1331, 1441(a).
[9] Docs. 1, 13 at 18–19, 14, 15 at 18–19 (Case No. 1:21-cv-02104); Docs. 1, 22 at 18–19, 23 at 18–19, 24 (Case No. 1:21-cv-02108).

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

Columbia which has exclusive subject-matter jurisdiction over willful misconduct claims under the PREP Act.[10] Defendants further argue the case is removable under the federal officer removal statute.[11]

Plaintiffs seek to remand the cases to state court.[12] Plaintiff Conner also seeks attorney's fees and expenses under 28 U.S.C. § 1447(c).[13]

## II. Discussion

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[14] If a federal court determines that it lacks subject matter jurisdiction, however, the court must remand the case.[15] The party removing a case bears the burden of establishing federal jurisdiction.[16] Because removal jurisdiction implicates federalism concerns, removal statutes are strictly construed and "all doubts should be resolved against removal."[17]

### A. Federal Question Jurisdiction

Defendants primarily remove based on federal question jurisdiction.[18] Defendants argue the PREP Act completely preempts this case and subsumes the well-pleaded-complaint rule. This Court finds that Plaintiffs' claims do not make claims under the PREP Act. The Court, therefore, does not consider the complete preemption issue.

---

[10] *Id.*; 42 U.S.C. § 247d-6d(e).
[11] Docs. 13 at 19–20, 14, 15 at 20–21 (Case No. 1:21-cv-02104); Docs. 22 at 19–20, 23 at 19–20, 24 (Case No. 1:21-cv-02108); 28 U.S.C. 1442(a)(1).
[12] Doc. 11 (Case No. 1:21-cv-02104); Doc. 20 (Case No. 1:21-cv-02108).
[13] Doc. 20 at 10–11 (Case No. 1:21-cv-02108); 28 U.S.C. § 1447(c).
[14] 28 U.S.C. § 1441(a).
[15] 28 U.S.C. § 1447(c).
[16] *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).
[17] *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)); *see Zwickler v. Koota*, 389 U.S. 241, 245 (1967) (emphasizing that state courts are generally presumed competent to interpret and apply federal law).
[18] Defendants do not assert that diversity jurisdiction exists.

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

A district court has federal question jurisdiction when the action, "aris[es] under the Constitution, laws, or treaties of the United States."[19] To determine whether a complaint asserts a federal cause of action, federal courts employ the well-pleaded complaint rule.[20] Under this rule, federal jurisdiction exists only when the plaintiff's properly pleaded complaint presents a federal question on its face.[21] Defendants may not remove a case to federal court "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint."[22]

There are, however, exceptions to the well-pleaded complaint rule.[23] One such relevant exception is the complete preemption doctrine.[24] Under this doctrine, removal is proper "when the complaint, on its face, alleges only state law claims but . . . those claims would also state a cause of action under a federal statute that 'completely preempts' an area of state law."[25]

### i. Plaintiffs' Claims Do Not Fall Within the Scope of the PREP Act.

The PREP Act goes into effect when the Department of Health and Human Services Secretary declares a public health emergency.[26] The Act provides that covered persons "shall be immune from suit and liability under Federal and State law" for "all claims for loss caused by, arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure."[27] The only exception to this immunity is claims "for death or serious

---

[19] 28 U.S.C. § 1331.
[20] *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003).
[21] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[22] *Id.*
[23] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).
[24] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).
[25] *Kelton v. Cleveland Clinic Found.*, No. 1:12 CV 511, 2012 WL 1906363, at *2 (N.D. Ohio May 25, 2012) (quoting *Peters v. Lincoln Electric*, 285 F.3d 456, 469 n.11 (6th Cir. 2002)).
[26] 42 U.S.C. § 247d-6d(b).
[27] 42 U.S.C. § 247d-6d(a)(1).

- 4 -

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

physical injury proximately caused by willful misconduct."[28] To fall under the PREP Act, even willful misconduct claims must involve the "administration" or "use" of a "covered countermeasure."[29]

In March 2020, the HHS Secretary declared the Covid-19 pandemic a public health emergency under the PREP Act and recommended medical countermeasures to prevent or mitigate the spread of the disease.[30] This public health emergency designation remains in effect.

The Secretary's declaration identifies the specific covered countermeasures that trigger the PREP Act's liability immunity for that emergency.[31] The March 2020 declaration identified the covered countermeasures as, "any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19."[32] Covered countermeasures must be "qualified pandemic or epidemic products," "security countermeasures," or drugs, biological products, or devices authorized for investigational or emergency use, as those terms are defined in the PREP Act, the Food, Drug, and Cosmetic Act, and the Public Health Service Act.[33]

Plaintiffs say Defendants' negligence, recklessness, and "willful or wanton misconduct" caused Decedents to contract Covid-19, ultimately leading to their deaths.[34] Specifically, Plaintiffs say Defendants': (1) failed to adhere to infection prevention procedures

---

[28] 42 U.S.C. § 247d-6d(d)(1).
[29] *See Singer v. Montefiore*, No. 1:21-CV-02102, 2021 WL 6111671, at *3 (N.D. Ohio Dec. 27, 2021) ("Put another way, the path to the [willful misconduct] exception in subsection (d) of the statute runs through subsection (a), which requires ["administration" or "use" of] covered countermeasures.").
[30] Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 (Mar. 17, 2020).
[31] 42 U.S.C. § 247d-6d(a)(1).
[32] Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,202 (Mar. 17, 2020).
[33] *Id.* at 15,200.
[34] Doc. 1-2 at 3–4 (Case No. 1:21-cv-02104); Doc. 1-2 at 6–7 (Case No. 1:21-cv-02108).

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

such as handwashing and mask wearing; (2) failed to use a "Point of Care" testing machine; and (3) falsified Covid-19 tests.[35]

None of Plaintiffs' claims fall under the PREP Act because Plaintiffs' do not assert that Decedents' deaths were "caused by, arose out of, related to, or resulted from" the "administration" or "use" of the identified "covered countermeasures."[36]

First, handwashing and masks are not covered countermeasures. Handwashing is not a drug, biologic, diagnostic, or device. Defendants further make no showing that masks are a device as defined by the relevant Acts.[37]

Second, Plaintiffs' claims are based on Defendants' inaction and are therefore not within the scope of the PREP Act. The Secretary defined the "administration" of a covered countermeasure as the "physical provision of the countermeasures to recipients."[38] Plaintiffs' claims, however, are based on Defendants' *failure* to administer or use handwashing, masks, and testing devices—not Defendants' provision of such measures—and therefore do not fall within the scope of the Act.[39]

---

[35] *See* Doc. 1-2 (Case No. 1:21-cv-02104); Doc. 1-2 (Case No. 1:21-cv-02108). Plaintiffs also assert failure to follow quarantine protocols and staffing shortages. No party argues that those are covered countermeasures.

[36] 42 U.S.C. §§ 247d-6d(a), 247d-6d(d).

[37] Under 42 U.S.C. § 247d-6d(i)(7), "device" is defined by section 201(h) of the Food, Drug and Cosmetic Act which states that the term means "an instrument, apparatus, implement, machine, contrivance, implant . . . which is intended for use . . . in the . . . prevention of disease." 21 U.S.C. § 321(h)(1)(B). Defendants make no showing that a mask qualifies as "an instrument, apparatus, implement, machine, contrivance, [or] implant."

[38] Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,200 (Mar. 17, 2020).

[39] *See, e.g.*, *Winn v. California Post Acute LLC*, 532 F. Supp. 3d 892, 899 (C.D. Cal. 2021), *reconsideration denied*, No. CV 21-2854 PA (MARX), 2021 WL 4780571 (C.D. Cal. June 14, 2021) (holding that the PREP Act did not apply to state law claims alleging inaction by nursing facility owner); *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1282 (D. Kan. 2021) (holding that the PREP Act did not apply to claims arising from an alleged failure to act in face of threat of COVID-19); *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 255 (E.D.N.Y. 2021) (holding that the PREP Act did not apply to claims that Defendants failed to take steps preventing the spread of Covid-19). The HHS Secretary's Fourth Amendment to its Declaration clarified that inaction claims are not always beyond the scope of the PREP Act. For a failure to act claim to fall within the scope, however, there must be (1) limited covered countermeasures; and (2) the alleged failure to administer a covered countermeasure to one individual must have been because it was administered to another individual. Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79,190, 79,197 (Dec. 9, 2020). No such claim of prioritization or purposeful allocation was made in this case.

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

Finally, falsifying Covid-19 test results is not the "administration" or "use" of a covered countermeasure. Plaintiffs' do not say that Defendants improperly administered Covid-19 tests. Instead, Plaintiffs' claim Defendants falsified results after diagnostic tests had been administered to hide the number of nursing home residents that had tested positive for the virus. This is not conduct contemplated within the scope of the Act.

Because Plaintiffs' claims do not fall within the scope of the PREP Act, this Court need not address whether the PREP Act is a completely preemptive statute.

### B. Federal Officer Removal

In their oppositions to Plaintiffs' motions to remand, Defendants argue these cases are also removable under the Federal Officer Removal Statute.[40]

Under 28 U.S.C. § 1442(a), certain officers of the United States may remove actions to federal court.[41] To do so, the officer defendant must: (1) be a person within the meaning of the statute who acted under the United States, its agencies, or its officers; (2) be sued "for or relating to" an act under color of federal office; and (3) raise a colorable federal defense to the claims.[42] Private parties may invoke the federal officer removal statute if they can show that they satisfy these requirements.[43] The disputed element in this case is the first "acting under" requirement.

The phrase "acting under" in § 1442(a)(1) is broad and receives liberal construction, but it is not limitless.[44] Merely complying with federal laws and regulations does not amount

---

[40] Docs. 13 at 17–18, 14, 15 at 20–21 (Case No. 1:21-cv-02104); Docs. 22 at 17–18, 23 at 19–20, 24 (Case No. 1:21-cv-02108). Only Defendant Hyman raised federal officer removal in the original notice of removal. Doc. 1 at 4 (Case No. 1:21-cv-02142).
[41] 28 U.S.C. § 1442(a).
[42] 28 U.S.C. § 1442(a)(1); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (citations omitted).
[43] *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007).
[44] *Id.*

- 7 -

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

to "acting under" a federal officer, even for a private party whose "activities are highly supervised and monitored" under detailed regulations.[45]  To avail themselves of the removal statute, private parties must show that their actions "involve an effort to assist, or to help carry out, the duties or tasks of the federal superior."[46]

Defendants say they were "acting under" federal authority in responding to the Covid-19 pandemic as operators and employees of a nursing home participating in the Medicare and Medicaid programs.[47]  Defendants say nursing homes "essentially became extensions of CMS" during the Covid-19 public health emergency.[48]

Defendants cannot show that they acted under federal authority within the meaning of the removal statute.[49]  At most, the nursing home and its employees complied with regulations and orders promulgated by CMS during the pandemic.  Defendants, however, are not government contractors, are not delegated federal authority, and do not provide a service that the federal government would otherwise provide.[50]

Therefore, Defendants cannot remove these cases to federal court under § 1442(a).

### C. Attorney's Fees

Plaintiff Conner seeks attorney's fees and expenses under 28 U.S.C. § 1447(c). Plaintiff says Defendants removed this case to federal court even though over sixty federal

---

[45] *Id.* at 153.
[46] *Id.* at 152.
[47] Doc. 13 at 20 (Case No. 1:21-cv-02104); Doc. 22 at 17–18 (Case No. 1:21-cv-02108).
[48] *Id.*
[49] *See Maglioli v. All. HC Holdings LLC,* 16 F.4th 393, 404 (3d Cir. 2021) (holding that nursing home defendants could not seek removal based on federal officer removal statute).
[50] *See Watson*, 551 U.S. at 153 (explaining that private contractors that fall within the federal officer removal statute help the Government to produce an item or provide a service that it needs); *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 469 (3d Cir. 2015) (holding that the Federal Community Defender was acting under a federal agency because it provides a service the federal government would itself otherwise have to provide); *Bennett,* 607 F.3d at 1089 (holding that the defendant acted under federal authority because it performed a job that, in the absence of a contract with the defendant or another private firm, the federal agency would have had to perform).

Case Nos. 1:21-cv-02104; 1:21-cv-02108
GWIN, J.

courts had already ordered remands of Covid-19 related state law claims.[51]

Under § 1447(c), a court remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[52] "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[53]

There are no unusual circumstances warranting fees or expenses in this case. Plaintiffs' claims are not identical to those in the other cases where district courts have remanded.[54] Further, the Sixth Circuit has not yet ruled on whether the PREP Act is a completely preemptive statute for willful misconduct claims. This Court therefore denies Plaintiff Conner's request.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** Plaintiffs' motions to remand and **DENIES** Plaintiff Conner's request for attorney's fees and expenses. This Court **REMANDS** these cases to State court.

IT IS SO ORDERED.

Dated: January 31, 2022                               *s/     James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[51] Doc. 20 at 10–11 (Case No. 1:21-cv-02108).
[52] 28 U.S.C. § 1447(c).
[53] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).
[54] In the cases Plaintiff Conner relies upon, no willful misconduct claims were brought. *See* Doc. 22 at 15 (Case No. 1:21-cv-2108) (listing cases).

- 9 -